# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH MARTIN GOVEY, <br><br> Defendant. | Case No.: SACR 17-00103-CJC <br><br> **ORDER OF DETENTION** |

The Defendant's motion for release, (Dkt. 45), is **DENIED**. Defendant is charged in the First Superseding Indictment with one count of possession with intent to distribute methamphetamine and one count of counterfeiting. The Court considered the following factors in determining whether the release of Defendant is appropriate here: (i) the nature and circumstances of the offenses charged against Defendant; (ii) the weight of the

-1-

evidence against Defendant; (iii) the history and characteristics of Defendant; and (iv) the nature and seriousness of the danger to the community.[1]

After considering all these factors as well as all the evidence presented by the parties and the arguments of their counsel, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community. As to the flight risk, Defendant is charged with serious crimes and, if convicted, faces a lengthy sentence of imprisonment. Indeed, on just the first count for possession of methamphetamine with intent to distribute, Defendant faces a mandatory minimum prison sentence of ten years.

Moreover, Defendant has demonstrated an inability and unwillingness to comply with terms and conditions set by courts. The charges against Defendant arise out of a search conducted by the Orange County Sheriff's Department on June 6, 2017. During the search, Defendant was arrested and state charges were brought against him. Defendant was then released on bail pending the state court trial. But while on pretrial release, Defendant apparently committed two crimes of possession of a controlled substance and one crime of possession of forged items. The reliable reports of the incidents indicate that on June 23, 2017, approximately two weeks after his state arrest, police officers found methamphetamine in Defendant's vehicle. The reports also indicate that on July 19, 2017, officers found Defendant in possession of heroin and counterfeit $100 bills. Defendant now has been charged with additional crimes arising out of these violations of his pretrial release. Given the lengthy prison sentence that he is now facing in this case and his repeated failures to comply with court orders, the Court has no

---

[1] If there is "probable cause" that Defendant committed the narcotics offense charged here, the Court is also required to apply a rebuttal presumption that Defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(2). A grand jury indictment, as returned in this case, establishes "probable cause" and invokes the presumption. *United States v. Contreras*, 776 F.2d 51, 53-54 (2d Cir. 1985). It is not necessary for the Court to apply this presumption, however, because Defendant is both a flight risk and danger to the community.

confidence that Defendant will appear at court proceedings as is required, regardless of what conditions are imposed as part of release.

The Court also finds by clear and convincing evidence that Defendant is a serious danger to the community, and no condition or combination of conditions will reasonably assure the safety of the community. Defendant has had a very violent and troubling criminal history since at least 1982, when Defendant was approximately 17 years old. Since 1982, Defendant has been arrested for and convicted of a crime on 18 separate occasions. These convictions include a conviction for battery with serious bodily injury, for which he received a prison sentence of 2 years, second degree burglary, for which he received a prison sentence of 5 years, and custodial possession of a weapon, for which he received a prison sentence of 6 years. As recently as 2015, Defendant was convicted with assault with force likely to produce great bodily injury. Defendant also has had six narcotics-related convictions, including conspiracy to transport or sell controlled substances, which involves the same conduct for which Defendant was indicted in the instant case. Finally, Defendant has significant ties to Public Enemy Number One, a white supremacist street gang.

None of this very troubling criminal history and the punishments associated with any of it deterred Defendant or stopped him from becoming involved in the serious crimes charged here. In fact, Defendant recently violated his bail conditions and committed two additional crimes while on pretrial release pending the related state court trial. Simply stated, Defendant is a danger to himself, others and the community. No condition or combination of conditions will mitigate that danger. He must be detained.

/ /

/ /

/ /

IT IS THEREFORE ORDERED that Defendant be detained prior to trial.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that Defendant be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

DATED: December 27, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE