UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH MARTIN GOVEY,

Defendant.

Case No.: SACR 17-00103-CJC

**ORDER DENYING THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS AND OTHER ACT**

## I. INTRODUCTION AND BACKGROUND

As relevant here, Defendant is charged in Count One of the First Superseding Indictment with possession with intent to distribute 37.7 grams of actual methamphetamine. (Dkt. 28.) Defendant has pleaded not guilty to this charge. (*See* Dkt.

54 [Joint Proposed Statement of the Case].) Defendant admits possessing the methamphetamine, but denies that he intended to distribute it. (*Id*.; Dkt. 60-3 [Proposed Stipulation].) Defendant will stipulate to knowing possession of the drugs at trial, which is set to begin on January 30, 2018. (*Id*.)

On December 15, 2017, the Government filed a motion in limine seeking to admit evidence of Defendant's three prior convictions for narcotics possession and distribution. (Dkt. 35.) The three prior convictions are: (1) a July 1996 conviction for possession and trafficking of methamphetamine (the "1996 Conviction"); (2) an April 2007 conviction for possession of methamphetamine (the "2007 Conviction"); and (3) a January 2011 conviction for possession and trafficking of heroin (the "2011 Conviction"). (*Id*. at 1–2.) The Government also seeks to admit evidence that on August 17, 2017, after Defendant had been indicted in the instant case, officers discovered approximately five grams of methamphetamine in Defendant's vehicle. (*Id*. at 3.)

The Government seeks to admit this evidence pursuant to Federal Rule of Evidence 404(b) and claims the evidence is probative of Defendant's knowledge and intent to distribute methamphetamine. (*Id*. at 1.) Specifically, the Government argues that Defendant's prior drug trafficking convictions are probative of Defendant's intent to distribute and knowledge of how to distribute narcotics. (*Id*. at 6.) The Government further argues that evidence that Defendant possessed methamphetamine on other occasions is probative of Defendant's knowledge that he possessed methamphetamine in the instant case. (*Id*.) On December 27, 2017, the Court ordered supplemental briefing on whether the facts of the prior convictions are similar to the facts of the instant case. (*See* Dkt. 48.) Both parties have submitted their supplemental responses. (Dkt. 59 [Government's Brief, hereinafter "Govt. Br."], Dkt. 60 [Defendant's Brief].)

//

## II. LEGAL STANDARD

Under Federal Rule of Evidence 404(b), evidence of a prior conviction or other wrong is not admissible to prove that the defendant is a bad person who "acted criminally on the occasion at issue." *United States v. Martinez*, 182 F.3d 1107, 1111 (9th Cir. 1999). In other words, the evidence "is not admissible to prove the character of an accused in order to show action in conformity with that character." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). "However, Rule 404(b) also sets forth an exception which allows the admission of prior [or subsequent] conduct for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. The Ninth Circuit has "uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

To demonstrate that the evidence is offered for a permissible reason, the Government must show "that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The government must also show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." *Id*.

//
//
//
//
//

## III. DISCUSSION

The charges in the instant case arise out of a search of Defendant's bedroom on June 6, 2017. (Govt. Br. at 1.) The search was conducted by deputies from the Orange County Sheriff's Department. (*Id*.) According to the Government, the deputies found the following items in Defendant's bedroom: a plastic Ziploc bag containing 37.7 grams of actual methamphetamine, pay/owe sheets, and a letter written to an inmate housed in the California Department of Corrections. (*Id*.) The deputies also found in Defendant's wallet two one-hundred-dollar bills, one of which was a counterfeit bill. (*Id*. at 2.)

*1. Simple Possession*

The Government seeks to admit evidence of two additional occasions when Defendant was found with possession of methamphetamine: (1) an August 2007 conviction for possession, and (2) an August 2017 search of Defendant's vehicle during which deputies found five grams of methamphetamine. The Government does not argue that Defendant intended to distribute methamphetamine on these occasions. Instead, the Government claims that the evidence of simple possession is admissible to prove Defendant knowingly possessed methamphetamine in the instant case.

The Government is clearly precluded from admitting the evidence to prove Defendant knowingly possessed methamphetamine in this case, as this element of the crime is not contested. Defendant has admitted that he knowingly possessed the drugs, and will stipulate to this fact at trial. In light of this stipulation, evidence of prior convictions or other acts offered to prove that Defendant knowingly possessed the methamphetamine is simply not relevant. Because the evidence is not relevant, the Government is precluded from admitting it. *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979); *see also Ramirez-Robles*, 386 F.3d at 1243 (district

court abused its discretion in admitting evidence of defendant's prior conviction for possession of methamphetamine because whether defendant knew the substance was methamphetamine did not prove a material element of the government's case). The only remaining material element of the Government's case is whether Defendant intended to distribute the drugs.

The proffered evidence is mere "bad act" evidence, which only tends to show that Defendant is a serious user of drugs and, quite simply, a dangerous person. Offering evidence for such a purpose is "precisely the type of abuse that Rule 404 was designed to prevent." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1015 (9th Cir. 1995) ("[E]vidence that the defendant used methamphetamine, or possessed a small amount of the drug, does not tend to prove that he participated in a conspiracy to manufacture it.").

  2. *Prior Drug Trafficking Convictions*

The Government also seeks to admit evidence of Defendant's two prior convictions for drug trafficking, the 2011 Conviction and the 1996 Conviction. In contrast to evidence of Defendant's mere possession of drugs, the drug trafficking convictions are related to a material element of the Government's case because they are offered to show Defendant intended and knew how to distribute the drugs. Of course, the evidence may still be excluded under Rule 404(b) if its probative value is outweighed by other factors, including dissimilar facts and remoteness. Moreover, the evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value. The Court finds that evidence of Defendant's prior convictions for drug trafficking should be excluded under Rule 404(b) and Rule 403.

First, evidence of Defendant's 1996 Conviction is too remote, and the Government has not demonstrated any similarity between the facts of that conviction and this case to

mitigate the remoteness concern. The 1996 Conviction is over twenty years old, and the significant passage of time diminishes its probative value. Remoteness is a key consideration in determining whether to admit evidence under Rule 404(b), but it is not inflexible. *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990). If there is sufficient similarity between the other act and the offense charged, the concern regarding remoteness may be outweighed. *Id*. Here, however, the Government has not presented any specific facts showing sufficient similarity. The Government has apparently been unable to gather the specific facts because the relevant events occurred twenty-four years ago, and the police reports are no longer available. Without these facts, the limited probative value of the 1996 Conviction is very weak and is outweighed by the significant passage of time since the conviction.

The 2011 Conviction also is of limited probative value. Its relevancy problem, however, is not remoteness. Rather, the facts of the 2011 Conviction are not sufficiently similar to be probative of Defendant's intent and knowledge in this case. "When a prior criminal act is relied upon to prove intent . . . similarity between the two events must be shown to establish the threshold requirement of relevance." *Hernandez-Miranda,* 601 F.2d at 1108. "The greater is the dissimilarity of the two offenses, the more tenuous is the relevance." *Id*. at 1109.

A police report from the 2011 Conviction reveals that in September 2010, police officers stopped and searched Defendant while he was driving in his car. (Dkt. 60-1.) On Defendant, officers found $510, primarily in five-dollar and twenty-dollar bills, and tar heroin in a plastic grocery bag. Officers also found in Defendant's car a digital pocket scale, several empty plastic bags, and Defendant's phone, which rang numerous times during the search. Defendant was then placed in custody, where a custody officer found two additional plastic bags containing tar heroin. The heroin found in the plastic bags were packaged into small portions. The officer who authored the police report indicated

that, based on his training experience, persons who sell controlled substances have scales, packaging materials, and a large amount of cash.

The facts of the 2011 Conviction are not sufficiently similar to the instant case. Notably, in the instant case, deputies did not find any scale, or packaging materials, or a similar amount of cash. These materials are significant, as they formed the police officer's opinion in the prior conviction that Defendant was intending to sell the heroin. Here, deputies instead found in Defendant's bedroom one Ziploc bag of methamphetamine, two one-hundred-dollar bills (one of which was counterfeit), pay/owe sheets, and a letter from an inmate.

To admit evidence of the 2011 Conviction under Rule 404(b), the Government must establish a logical basis from which to infer Defendant's intent to distribute the methamphetamine from evidence that Defendant had packages of heroin and a scale in his car on a prior occasion. *Hernandez-Miranda*, 601 F.2d at 1108. In other words, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh*, 689 F.2d at 830. This burden is not met when the only similarity is that Defendant was previously convicted for distribution of drugs and is again on trial for distribution of drugs. *Id*. (the district court erroneously admitted evidence of defendant's prior conviction for smuggling marijuana, because the only similarity was that the defendant was again on trial for smuggling drugs across the border). This logical connection between the two events is very weak, provides limited probative value, and crosses the line into improper character evidence.

//
//
//

Moreover, even if the two prior drug trafficking convictions have some relevance, the probative value clearly does not substantially outweigh the unfair prejudice to Defendant under Rule 403. *Mehrmanesh*, 689 F.2d at 830 (even if relevancy is shown, the evidence is admissible only if its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant). Evidence of prior convictions for drug distribution strongly suggests that Defendant is a long-time "drug dealer" and was acting in conformity with that character at the time of the events giving rise to the charges in this case. It will be very difficult for the jury, even if the Court gives a limiting instruction, not to consider the prior drug trafficking convictions for improper character purposes. The Court must therefore preclude the Government from admitting Defendant's two prior drug trafficking convictions.

**IV. CONCLUSION**

For the foregoing reasons, the Government's motion to admit evidence of Defendant's prior convictions and other act under Rule 404(b) is **DENIED**.

DATED: January 17, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE