UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MARTIN GOVEY,<br><br>Defendant. | Case No.: SACR 17-00103-CJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT (1) ANY GOVERNMENT WITNESS IS REPRESENTED BY COUNSEL AND (2) ANY GOVERNMENT WITNESS HAS PREVIOUSLY INVOKED THE FIFTH AMENDMENT** |

The Court has reviewed the Government's motion in limine seeking to exclude evidence that government witnesses are represented by counsel and that they previously invoked the Fifth Amendment. (Dkt. 57.) The Government is primarily concerned that the Defendant may mention or cross-examine Deputy Larson about the fact that he is

represented by an attorney in this case and that he previously invoked the Fifth Amendment in a state court proceeding.

The motion is GRANTED IN PART and DENIED IN PART. The Court does not see the relevance of the fact that Deputy Larson is represented by counsel in this case, particularly because counsel was appointed for Deputy Larson by the Court without any request by him. Even if there is some marginal relevance, there is a substantial risk of unfair prejudice. As the Government argues, the jury may improperly infer that Deputy Larson is represented by counsel because he committed wrongdoing. The jury might also incorrectly infer that the Court appointed counsel for Deputy Larson because the Court believes that Deputy Larson engaged in wrongdoing. The risk of unfair prejudice clearly outweighs any probative value of the fact that the Court appointed an attorney to represent and advise Deputy Larson of the advantages of testifying in this case and the risks of incriminating himself.

With respect to evidence that Deputy Larson previously invoked the Fifth Amendment, the Court's denies the motion and will allow this evidence at trial. As the parties are aware, this case arises out of a search of Defendant's bedroom that was conducted by deputies of the Orange County Sheriff's Department. Of the deputies involved in the search, the Government intends to call only two deputies, and Deputy Larson is one of the two. So, Deputy Larson will be one of only two key percipient witnesses who has personal knowledge of the search.

Deputy Larson will also be an important witness for Defendant. Defendant's theory of the case is that this case was brought against him because certain Orange County Sheriff's Department deputies, including Deputy Larson, seek revenge against Defendant. Defendant claims that these deputies have a history of engaging in misconduct, including by unlawfully using inmate informants against Defendant and

other inmates. According to Defendant, this inmate informant scandal caused the District Attorney's office to dismiss a 2012 attempted murder case against Defendant. Apparently, Defendant's theory is that since the 2012 charges against him were dropped, Orange County deputies feel they have a score to settle with Defendant and a motive to overstate the evidence in this case. Defendant intends to cross-examine Deputy Larson about the informant scandal to prove up his theory.

Because Deputy Larson will be such a key witness for both parties, whether the jury believes Deputy Larson or not may well be determinative in this case. It is therefore critical that the jury have before it all relevant impeachment evidence bearing on Deputy Larson's motive, bias, and character for truthfulness. In fact, Defendant has a constitutional right to confront and impeach Deputy Larson about his testimony. *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974) ("The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him. . . . The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.")

Here, it is expected that Defendant will exercise his constitutional right to cross-examine Deputy Larson about his involvement in the inmate informant scandal and the truthfulness of his testimony regarding that scandal in a prior state court proceeding. When Deputy Larson was asked about these very same topics at a prior state court proceeding for a murder case, Deputy Larson refused to testify and invoked the Fifth Amendment. If, as the Government has represented, Deputy Larson decides to testify about the scandal in this case, Defendant has a right to question Deputy Larson about his inconsistent decisions not to testify about the scandal in one instance and to testify about it in another. The inconsistency is significant because it raises doubts about his truthfulness and lends credence to the Defendant's theory that Deputy Larson has a bias and vindictive motive to testify against him.

Finally, the evidence that Deputy Larson invoked the Fifth Amendment is not unfairly prejudicial. It is not confusing or likely to mislead the jury, as both parties will have an opportunity to question Deputy Larson about the circumstances under which he previously invoked the Fifth Amendment.

DATED: January 17, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE